**Frederick Q. DUMLAO, Petitioner,**

v.

**Charles A. DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**No. CIV. 06–1462–HA.**

United States District Court, D. Oregon.

Jan. 25, 2007.

**1100**

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Petitioner.

Scott Erik Asphaug, U.S. Attorney's Office, Portland, OR, for Respondent.

ORDER

HAGGERTY, Chief Judge.

On October 16, 2006, petitioner filed a Petition for a Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) wrongfully delayed performing its duty to process his request to be placed in the Drug and Alcohol Treatment Program (DAP). Because almost four months elapsed from the time petitioner presented a complete application with sufficient documentation to BOP to the time BOP made a determination of petitioner's eligibility to enter DAP, petitioner asserts that he has been deprived of his opportunity to realize the incentive of a one-year reduction in his sentence to which he would otherwise be entitled. For the following reasons, the Petition is granted in part.

Section 3621(b) of the United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Relatedly, Congress made one-year sentence reductions available to certain prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B). In fact, the reduction provided by § 3621(e) is recognized as a tangible, significant incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree,* 113 F.3d 1081, 1085 (9th Cir.1997). An inmate who knows, prior to enrollment, that he or she is eligible for the one-year sentence reduction is more likely to enroll and complete the program, thereby creating a more effective use of the program. *Id.*

 "BOP rules require an eligibility determination to be made when a prisoner requests admission into DAP, and there are no restrictions on when that request can be made." *Wade v. Daniels,* 373 F.Supp.2d 1201, 1202 (D.Or.2005). The BOP retains discretion as to whether to grant a reduction in an enrollee's sentence upon completion of the program, but such discretion is irrelevant to the determination of *eligibility* for the reduction upon the request of the inmate for placement into DAP. *See Cort,* 113 F.3d at 1085. "A prisoner's right to *consideration* for early release is a valuable one that we have not

hesitated to protect." *Id.* (citation omitted) (emphasis in original).

Here, there is no dispute that petitioner could qualify for this incentive. Even though the BOP eventually considered petitioner's request and made an eligibility determination, petitioner's rights as recognized under *Cort* were nevertheless impaired because of the inadequately justified delay in reaching that determination. It may be significant to note that after four months of unjustified delay, petitioner's eligibility was determined less than two weeks after he filed this federal lawsuit. Under these circumstances, the impact of the BOP's conduct rises to constitutional significance because—whether intentional or not—the consequences of that conduct are the same consequences that this court has prohibited previously: arbitrarily depriving a petitioner of the sentence-reduction incentive regardless of (or, under these facts, despite) the petitioner's clear eligibility and willingness to complete DAP. This, under *Cort*, the BOP cannot do. There is little difference between the BOP failing to consider a request for admission into the DAP program, and unjustifiably delaying that consideration until the opportunity for a one-year sentence reduction has been compromised. Under either scenario, the petitioner has been deprived wrongfully of that opportunity; under either scenario, the petitioner's rights have been violated.

Respondent's concerns about the possible impact that providing a fair remedy to petitioner would have on other eligible prisoners are legitimate and worrisome. The possibility of such impacts, however, fails to outweigh the fact that this petitioner has presented compelling allegations for which an equitable remedy is warranted. Similarly, respondent's reference to limited resources and powers to accommodate the number of prisoners eager to benefit from DAP is acknowledged by this court. However, those concerns are relevant in this matter only as a result of respondent's dilatory practices and failure to determine petitioner's eligibility until after petitioner filed this lawsuit. Accordingly, such concerns cannot be a basis for depriving petitioner of a fair remedy.

### CONCLUSION

This court concludes that petitioner has alleged a cognizable claim. Petitioner's Petition [2] is GRANTED IN PART as follows: Respondent shall place petitioner in the first DAP class being conducted following the date of this Order. The requests in the Petition that respondent reduce petitioner's term of imprisonment by one year regardless of petitioner's completion of DAP are DENIED without prejudice.

IT IS SO ORDERED.